Filed 10/21/20  Marriage of Lindskog CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re the Marriage of LEVI and LINDSAY LINDSKOG. | 2d Civil No. B300172 (Super. Ct. No. 15FL00281) (Santa Barbara County) |
| LEVI LINDSKOG,<br><br>    Appellant,<br><br>v.<br><br>LINDSAY LINDSKOG,<br><br>    Respondent. | |

Levi Lindskog (Levi) appeals from the judgment of dissolution of his marriage to Lindsay Lindskog (Lindsay).  Levi contends the trial court erred when it (1) denied his request to annul the marriage and (2) found that Lindsay was a putative spouse and divided the quasi-community property assets.  We agree, vacate the judgment of dissolution, and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

The Lindskogs were married in March 2010. Levi and Lindsay thereafter "held themselves out as man and wife." They lived together and had two children. Levi certified to his employer, the United States Air Force, that he was married to Lindsay, and they received military benefits as a married couple.

In April 2015, Levi and Lindsay separated. Levi petitioned to annul their marriage on the ground that the marriage was "voidable" because Lindsay was still married to Edward Aguilar at the time of her marriage to Levi. (Fam. Code,[1] § 2210.)

At a hearing in June 2016, Lindsay admitted that she did not finalize her divorce from Aguilar until 2012. The trial court acknowledged that "it appears to the Court that clearly . . . it would be a bigamist marriage pursuant to Family Code, Section 2201."

At a November 2016 hearing, the trial court denied the petition to annul the marriage. The court reasoned that "based upon the conduct of the parties . . . at a minimum each would be a putative spouse. So the Court . . . would be inclined to find a putative spouse determination, however it labeled the situation whether it's nullity or not finding nullity. And I think given the choices there the Court would find that it's not a nullity, and would divide the property appropriately."

Levi's counsel objected to the trial court's ruling, and the following discussion occurred:

---

[1] Further unspecified statutory references are to the Family Code.

2

"[Levi's counsel]: So I do not believe that the Court can deny nullity, if the parties were clearly married while the other one of the parties was married. It's a bigamist marriage. It's a void marriage. Voidable. Certainly voidable by Mr. Lindskog. And he has requested that the marriage be voided.

"I think the Court can make a putative spouse finding. If the Court sees it that way. But I think the Family Code 2251 makes pretty clear that you can only be a putative spouse if you believed in good faith . . . .

[¶] . . . [¶]

"[Lindsay's Counsel]: . . . I think the important issue is their conduct after learning of the defect with her prior divorce. The fact you know in 2014 he certified to the United States Air Force that they were a married couple. They looked, acted and treated themselves, held themselves out as a married couple, joint bank accounts, joint property, paid their taxes jointly; all those factors I pointed out in my filing. That's why we have been requesting from the beginning that this be a divorce instead of a nullity.

"The Court: Okay, thank you. I think the equities are that's treated as a dissolution . . . ."

In July 2019, the trial court entered the judgment of dissolution.[2] The trial court ordered the quasi-community

---

[2] The three-year time lapse between the denial of the petition to annul the marriage and the judgment of dissolution was due to the parties' litigation of child custody issues.

3

property assets (i.e., Levi's military retirement pay) be divided in half.

## DISCUSSION

Levi contends the trial court erred when it denied his petition to annul the marriage and entered a judgment of dissolution.  We agree.

Because the relevant facts are undisputed and this case involves the interpretation of the Family Code, we review the trial court's ruling de novo.  (*In re Marriage of Seaton* (2011) 200 Cal.App.4th 800, 806.)

"While a judgment of dissolution terminates a valid marriage, a judgment of nullity declares that the marriage was void from its inception.  [Citations.]" (*In re Marriage of Seaton*, *supra*, 200 Cal.App.4th at p. 806.)  A "judgment of dissolution of marriage is based on events that occur *after inception of a valid marriage.*" (*In re Marriage of Garcia* (2017) 13 Cal.App.5th 1334, 1347, original italics.)

"In contrast, a judgment of nullity of marriage determines that, for reasons *existing at the time of the alleged creation of the marriage*, 'no valid marriage ever existed.' [Citations.]  Whereas a proceeding to dissolve a marriage 'is concerned with *marital status* as such,' a proceeding to nullify a marriage 'is concerned with *whether a contract was validly entered into at all.*' [Citation.]" (*In re Marriage of Garcia*, *supra*, 13 Cal.App.5th at p. 1347, original italics.)  A judgment of nullity restores the parties to the status of unmarried persons.  (§ 2212.)

A bigamous marriage is either void or voidable depending on the circumstances.  (§ 2201; *In re Marriage of Tejeda* (2009) 179 Cal.App.4th 973, 980.)  A marriage may be nullified if it is void or voidable.  (See § 2250.)  "A *void* marriage

4

is invalid from the onset regardless whether a judgment of nullity is obtained, because no marriage ever existed. [Citation.] In contrast, a *voidable* marriage is valid unless and until it is adjudicated a nullity. [Citation.]" (*In re Marriage of Garcia, supra*, 13 Cal.App.5th at p. 1347, original italics.)

A voidable marriage "may only be challenged by a party entitled by statute to assert its voidability." (*In re Marriage of Seaton, supra*, 200 Cal.App.4th at p. 807.) "A marriage is voidable and may be adjudged a nullity if . . . [t]he spouse of either party was living and the marriage with that spouse was then in force and that spouse (1) was absent and not known to the party commencing the proceeding to be living for a period of five successive years immediately preceding the subsequent marriage for which the judgment of nullity is sought or (2) was generally reputed or believed by the party commencing the proceeding to be dead at the time the subsequent marriage was contracted." (§ 2210, subd. (b).)

It is undisputed that Lindsay was still married to Aguilar when she married Levi in 2010. Her divorce from Aguilar was not finalized until two years later.[3] Despite acknowledging that "it appear[ed]" that the Lindskogs' marriage was a "bigamist marriage pursuant to Family Code, Section 2201," the trial court denied Levi's request for a judgment of nullity of the marriage. In so doing, it cited factors such as the parties' conduct during their marriage and concluded that the "equities" weighed in favor of entering a judgment of dissolution.

The trial court erred. A consideration of the relative equities was not a proper ground for denial of a petition to annul

---

[3] The record does not contain facts regarding Lindsay's previous marriage or divorce from Aguilar.

the marriage. Rather, the court's ruling should have been limited to the question of whether the marriage was void or voidable. (§§ 2200-2210.)

Levi further contends the trial court erred when it determined Lindsay was a putative spouse, but the record reflects the court did not make this finding. More importantly, a putative spouse determination can only be made after a court decides a marriage is void or voidable. Section 2251 provides that "[i]f a determination is made that a marriage is void or voidable and the court finds that either party or both parties believed in good faith that the marriage was valid, the court shall . . . [¶] . . . [d]eclare the party or parties, who believed in good faith that the marriage was valid, to have the status of a putative spouse." Here, because the trial court entered a judgment of dissolution, there was no basis for making a putative spouse determination.

## DISPOSITION

The judgment of dissolution of marriage is vacated and the matter is remanded to the trial court with direction to decide whether the marriage was a nullity. In the interest of justice, each party shall bear their own costs pending the final outcome of this matter. (Cal. Rules of Court, rule 8.278(a)(5).)

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.        PERREN, J.

6

Timothy J. Staffel, Judge

Superior Court County of Santa Barbara

_____

M. Jude Egan for Appellant.

Gillett Law and Gregory Francisco Gillett for Respondent.